UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SEÑOR TEQUILA, INC., d/b/a Señor Tequila<br>Mexican Restaurant and Cantina; SEÑOR<br>TEQUILA OF SUMMERVILLE, LLC, d/b/a<br>Señor Tequila Mexican Restaurant and Cantina;<br>SANDRA VILLALPANDO; and JAIME<br>VILLALPANDO;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILE NO. 2:18-cv-03268-RMG<br><br><br><br><br><br><br><br>**CONSENT JUDGMENT**<br><br>**AND ORDER** |

This cause came on for consideration upon the parties' motion and consent to the entry of this Judgment, without further contest. It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendants Señor Tequila, Inc., Señor Tequila of Summerville, LLC, Sandra Villalpando, and Jaime Villalpando (referred to herein collectively as "Defendants"), their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof, are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

    1. They shall not, contrary to §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than the applicable

minimum hourly rate prescribed by said § 6 as now in effect or which hereafter may be made applicable by amendment thereto.

  2. They shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

  3. They shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.

  4. They shall not contrary to § 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding or has served or is about to serve on an industry committee.

  IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendants hereby are restrained from withholding payment of back wages in the total amount of $139,634.69, plus liquidated damages in the amount of $139,634.69, which are due sixty-eight employees for the periods of employment and in the amounts indicated with respect to each, as set forth on Schedules A, B, and C attached hereto. The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Schedules A, B, and/or C shall not be terminated or otherwise adversely affected by this proceeding.

To comply with this provision of this Order, Defendants shall, on or before **December 1, 2018**, deliver to the United States Department of Labor, Wage and Hour Division, 60 Forsyth Street, S.W., Room 7M40, Atlanta, Georgia 30303, three (3) certified or cashier's checks or money orders made payable to "*United States Department of Labor, Wage and Hour Division*", for the net amount due the employees named in Schedule A, B, and C, respectively, after appropriate deductions from the back wages for income tax and the employee's share of F.I.C.A. Defendants shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder. On or before **December 1, 2018**, Defendants also shall provide Plaintiff's attorneys with a schedule showing their employer I.D. numbers and a schedule showing the last known address and social security number as to each employee listed on Schedules A, B, and C.

Plaintiff, thereupon, shall distribute the proceeds from such checks to the named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts.

In the event of default by Defendants in making such payments, post-judgment interest shall be assessed on any unpaid amount at the rate established pursuant to 28 U.S.C. § 1961.

It is FURTHER ORDERED that each party shall bear its own attorney's fees and expenses incurred by such party in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This __12__ day of December, 2018.

 _____
 THE HONORABLE RICHARD M. GERGEL
 UNITED STATES DISTRICT JUDGE